IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

VIVIAN WARREN                                                                    PLAINTIFF

V.                                                                    NO: 3:20CV220-M-RP

DANIEL V. FORE,
A/K/A DANIEL B. FORE, MD                                                         DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the Court on Defendant Daniel V. Fore's ("Dr. Fore") Motion for Partial Summary Judgment. [58] Plaintiff Vivian Warren has responded to all parts of this motion by either responding in opposition or stating that there will be no opposition. The Court having considered the memoranda and submissions of the parties is prepared to rule.

**Factual and Procedural Background**

This is a medical malpractice dispute arising out of a 2018 surgery performed by Dr. Fore. Dr. Fore diagnosed Warren as having diverticulitis of the intestine and on July 30, 2018, Dr. Fore performed a colon resection surgery on Vivian Warren. During the surgery, Warren's left ureter was cut and/or severed, and Dr. Fore was unaware of this during and immediately following the surgery. The pathology report completed after the surgery showed that a 2.7 cm portion of ureter was discovered with the removed section of the colon. After the surgery, Warren suffered from a variety of complications, which led to the need for further medical and surgical procedures.

Plaintiff alleges in the complaint that Dr. Fore deviated from the applicable standard of care and/or professional practice and was negligent in the medical treatment and surgery performed on Vivian Warren. Warren is seeking damages for her injuries.

Dr. Fore has presently moved for partial summary judgment as to certain allegations in the complaint, arguing plaintiff has not provided sworn expert medical testimony to support certain

1

claims of deviation from the standard of care and that plaintiff has provided no expert medical testimony to support claims of on-going or permanent injury.

## Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At the summary judgment stage, the Court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Once the moving party shows there is no genuine dispute as to any material fact, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1075.

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995) (reversal of the granting of an unopposed summary judgment was not warranted because trial court addressed the merits of the motion as an alternative holding) (citing *Hibernia Nat'l Bank v. Administración Cent. Sociedad*

*Anónima*, 776 F.2d 1277, 1279 (5th Cir. 1985)) (where the Fifth Circuit disapproved the granting of an unopposed summary judgment solely on the basis it violated a local rule). "The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, regardless of whether any response was filed." *Hibernia Nat'l Bank,* 776 F.2d at 1279.

## Discussion

**I.     Plaintiff has not provided sworn expert medical testimony to support certain claims of deviation from the standard of care**

**A.     Failing to properly identify Plaintiff's ureter by visual inspection and touch**

The first argument in Defendant Dr. Fore's motion for partial summary judgment relates to Plaintiff Warren's claim that Dr. Fore deviated from the applicable standard of care and/or professional practice and was negligent in the medical treatment and surgery of Warren by failing to properly identify Warren's left ureter by visual inspection and touch. In the motion for partial summary judgment, Dr. Fore refers to the testimony from Plaintiff's expert witness, Dr. Ellis, which states that Dr. Fore did identify the ureter and complied with the applicable standard of care. Plaintiff does not dispute defendant's evidence in support of its motion for partial summary judgment concerning this claim. While the motion for partial summary judgment as to this claim is unopposed, Dr. Fore still has the burden to establish the absence of a genuine issue of material fact. *Id*. In Mississippi, "medical negligence may be established only by expert medical testimony, with an exception for instances where a layman can observe and understand the negligence as a matter of common sense and practical experience." *Coleman v. Rice*, 706 So.2d 696, 698 (Miss. 1997) (quoting *Erby v. North Mississippi Medical Center*, 654 So.2d 495, 500 (Miss. 1995). The layman's exception to needing expert testimony to establish a breach of standard of care also does not apply. The layman's exception is for "medical error so obvious that a layman could easily

3

determine fault" such as leaving an object inside of a patient, and thus the Court believes that a layman could not understand the alleged negligence as a matter of common sense. *Sheffield v. Goodwin*, 740 So.2d 854, 856 (Miss. 1999) (citing *Coleman v. Rice*, 706 So.2d 696, 698-99 (Miss. 1997)). Dr. Fore has met the burden of showing no genuine dispute to a material fact for this claim, as Plaintiff has not provided expert medical testimony which could support this claim.

  **B.** **Failing to stop the surgery on Plaintiff on July 30, 2018, if there was any difficulty and/or problems with locating Plaintiff's ureters.**

Defendant Dr. Fore's next argument in the motion for partial summary judgment relates to Plaintiff's claim that Dr. Fore deviated from the applicable standard of care and/or professional practice and was negligent in the medical treatment and surgery of Warren by failing to stop the surgery if there was any difficulty and/or problem with locating Plaintiff's ureters. Defendant Dr. Fore again refers to the testimony by Dr. Ellis, plaintiff's expert witness, in which Dr. Ellis stated that Dr. Fore did identify Warren's ureter. Warren does not dispute that her own medical expert supports Dr. Fore's position on this claim. Since Warren has not provided expert medical testimony to support this claim, and the layman's exception also does not apply, defendant Dr. Fore has met the burden of showing there is no genuine dispute of material fact for this claim.

  **C.** **Failing to request that a urologist assist the Defendant in the surgery and/or place a catheter into Plaintiff's ureters to help locate them with dye and/or use lighted stents if applicable.**

In plaintiff's complaint, it is argued that Dr. Fore deviated from the applicable standard of care and/or professional practice and was negligent in the medical treatment and surgery of Warren by failing to request that a urologist assist the defendant in surgery and/or failing to place a catheter into Warren's ureters to help locate them with dye and/or use lighted stents if applicable. Defendant Dr. Fore states that Warren has provided no expert medical testimony to support these claims, and plaintiff does not dispute that she has no expert medical testimony to support these

4

claims either. Plaintiff has provided no medical expert testimony which would support these claims, and thus there is no genuine dispute as to material fact as to these claims.

### D. Cutting and/or removing plaintiff's left ureter during the surgery of July 30, 2018.

Defendant's last argument with respect to Paragraph 27 of Plaintiff's complaint states that Warren has not provided sworn expert medical testimony to support the claim that Dr. Fore deviated from the applicable standard of care and/or professional practice and was negligent in the medical treatment and surgery by cutting and/or removing Warren's left ureter during the surgery. Defendant Dr. Fore's argument relies on the testimony of Dr. Ellis, in which he stated, "the sin is not in cutting the ureter, but in the failure to recognize the injury." [58]

However, Plaintiff refers to multiple other parts of Dr. Ellis's testimony which put the statement in better context. Warren argues that cutting the ureter of a patient, in and of itself before a surgeon identifies the patient's ureter is not a violation of the standard of care, but once the ureter has been identified, the cutting of it is a violation of the applicable standard of care. Dr. Ellis also states that injury to the ureter after it is has been identified is a deviation from the standard of care. Dr. Ellis's testimony also states that after reviewing Dr. Fore's report, which stated the ureter was easily identified, Dr. Ellis is under the belief that Dr. Fore injured the ureter after locating it, not during his efforts to locate it. The standard of care, as explained by Dr. Ellis, requires the doctor to locate the ureter so that it can be protected from injury during the remainder of the surgery.

While an injury to the ureter is not in and of itself a deviation from the applicable standard of care, plaintiff has established she has expert testimony that the timing and manner of the injury can support the claim that Dr. Fore deviated from the applicable standard of care. Through the medical expert testimony of Dr. Ellis, there exists a genuine dispute of material fact as to whether cutting and/or removing plaintiff's left ureter was a deviation from the applicable standard of care.

5

## II. Plaintiff has provided no expert medical testimony to support claims of on-going or permanent injury

Defendant Dr. Fore also argues in the motion for partial summary judgment that plaintiff has provided no expert medical testimony to support claims of on-going or permanent injury Warren may suffer due to Dr. Fore's alleged deviation from the standard of care. Dr. Fore states that the only expert proffered by Warren, Dr. Ellis, has testified that his opinions as to injuries only apply to Warren's complications and treatment during the Baptist-Desoto hospital admission surrounding the colon surgery. Warren states in her complaint that she suffered permanent injuries and these are: critical illness polyneuropathy, reduced mobility, inability to stand or walk unassisted, major depressive disorder, fever, delirium and confusion, inability to concentrate, poor memory, cognitive function and impairment and/or brain damage, sepsis, metabolic encephalopathy and respiratory failure with hypoxia.

In response to the motion for partial summary judgment, Warren states that Dr. Ellis will not offer any testimony showing that any medical condition suffered is ongoing. Warren instead relies on the disclosure of Rule 26(a)(2)(c) experts who are expected to testify as to her diagnosis, treatment, and prognosis.

"The party moving for summary judgment bears the burden of persuading the trial court that no genuine issue of material fact exists, and that they are, based on the existing facts, entitled to judgment as a matter of law." *Paepke v. North Miss. Med. Ctr.*, 744 So.2d 809, 812 (Miss. Ct. App. 1999). Defendants in a medical negligence case are able to meet this burden by showing that the plaintiff, from the existing facts, lacks medical expert evidence. *Id*. In a medical malpractice action, the plaintiff carries the burden of proof at trial and thus, the burden of production at summary judgment. *Karpinsky v. American Nat. Ins. Co.*, 109 So.3d 84, 89 (Miss. 2013).

To prevail in a medical malpractice suit, the plaintiff must establish the following by expert

6

testimony:

>   (1) the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant.

*Hubbard v. Wansley*, 954 So.2d 951, 956-57 (Miss. 2007) (citing *Drummond v. Buckley*, 627 So.2d 264, 268 (Miss. 1993)). Expert testimony must be used to prove these elements in a medical malpractice suit, and this expert must "identify and articulate the requisite standard that was not complied with" and establish that this failure "was the proximate cause, or proximate contributing cause, of the alleged injuries." *Barner v. Gorman*, 605 So.2d 805, 809 (Miss. 1992).

The issue is whether plaintiff has produced medical expert testimony sufficient to allege that Dr. Fore proximately caused Warren's claims of permanent injuries including critical illness polyneuropathy, reduced mobility, inability to stand or walk unassisted, major depressive disorder, fever, delirium and confusion, inability to concentrate, poor memory, cognitive function and impairment and/or brain damage, metabolic encephalopathy, and respiratory failure with hypoxia.

Warren states that Dr. Ellis, plaintiff's only medical expert to have given medical expert testimony, does not intend to offer any testimony that any medical condition suffered by Warren is permanent or ongoing. Defendant argues that without Dr. Ellis establishing that these alleged injuries to Warren are proximately caused by Dr. Fore, plaintiff has not established the proximate causation element of a medical malpractice claim to show she sufficiently alleges these injuries or their permanence.

Before addressing the issue of permanence, the Court must look at the alleged underlying injuries. Defendant argues that causation was not established for the alleged injuries of critical illness polyneuropathy, reduced mobility, inability to stand or walk unassisted, major depressive disorder, fever, delirium and confusion, inability to concentrate, poor memory, cognitive function

7

and impairment and/or brain damage, metabolic encephalopathy, and respiratory failure with hypoxia, but this is only partially correct. In Dr. Ellis's expert report, he clearly opines that Warren suffered injuries caused by Dr. Fore's deviation including, but not limited to, delirium and confusion, metabolic encephalopathy, sepsis, and respiratory failure with hypoxia. Therefore Dr. Ellis has sufficiently created a genuine issue of material fact to these underlying issues, but again Dr. Ellis has stated he will not offer an opinion as to the permanence of these injuries.

The injuries of critical illness polyneuropathy, reduced mobility, inability to walk or stand unassisted, major depressive disorder, fever, inability to concentrate, poor memory, and cognitive function and impairment and/or brain damage, remain without any medical expert testimony regarding their existence or causation.

Plaintiff refers to her 26(a)(2)(c) expert disclosures to support her position in this motion, which identifies her non-retained experts as Dr. Greenberger, Dr. Cunningham, and Nurse Practitioner Warren. According to the plaintiff, the non-retained treating physicians are expected to testify as to Warren's diagnosis, treatment, and prognosis. While these treating physicians have not provided sworn medical expert testimony, the 26(a)(2)(c) disclosures provide a summary of their expected testimony. Rule 26(a)(2)(c) requires the disclosure of a non-retained expert to provide the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify. As Defendant points out, in plaintiff's disclosure of Dr. Greenberger, Dr. Cunningham, and Nurse Practitioner Warren, nowhere mentioned is the possibility any of these experts will testify as to causation of these alleged permanent injuries. [37] "Courts must take care against requiring undue detail, as these witnesses have not been retained and may not be as responsive as those witnesses who have." Fed. R. Civ. P. 26 Advisory Committee Notes (2010). While these disclosures do receive more

8

discretion than retained expert disclosures, the allegations set forth in the 26(a)(2)(c) disclosures do not provide any detail about the causation opinions the treating physicians will provide and only very general statements about testimony towards diagnosis, treatment, and prognosis.

These three treating physicians were required to disclose the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify, and while the Court does not require undue detail, mention of causation has been omitted entirely. Without the mention of the possibility of testifying as to causation, these treating physicians also have not created a genuine issue of material fact to the remaining underlying injuries of critical illness polyneuropathy, reduced mobility, inability to walk or stand unassisted, major depressive disorder, fever, inability to concentrate, poor memory, and cognitive function and impairment and/or brain damage.

However, since Dr. Ellis has sufficiently established the elements of medical negligence for the injuries of delirium and confusion, metabolic encephalopathy, sepsis, and respiratory failure with hypoxia, the Court finds that summary judgment should be denied as to the alleged permanence of these injuries, as the treating physicians could potentially speak to these claims. Warren's treating physician disclosure states that these physicians will testify as to diagnosis, treatment, and prognosis, and testimony could still be offered as to the alleged permanence or ongoing nature of the injuries once causation has been established. The Court finds there to be a genuine issue of material fact as to the permanence of the alleged injuries delirium and confusion, metabolic encephalopathy, sepsis, and respiratory failure with hypoxia. Thus, the Court also finds that there is no genuine issue of material fact to the remaining injuries, or their permanence, of critical illness polyneuropathy, reduced mobility, inability to walk or stand unassisted, major depressive disorder, fever, inability to concentrate, poor memory, and cognitive function and

impairment and/or brain damage. Partial summary judgment is therefore warranted and will be granted as to these alleged permanent injuries.

Plaintiff also mentions that she is seeing a new physician, Dr. Edwards, but has no knowledge of whether this doctor will have any relevant testimony regarding ongoing or permanent injuries. Plaintiff has not supplemented any disclosures or discovery with respect to Dr. Edwards. Even noting that the disclosures and discovery have not been supplemented, plaintiff states that it is unknown if Dr. Edwards might be able to provide an opinion about the alleged ongoing or permanent injuries allegedly suffered by Warren.

For the alleged permanent injuries that are only stated in the complaint without any medical expert testimony or treating physician disclosure to support them, the Court reiterates its finding that Plaintiff has not established the element of proximate causation. Warren offered no evidence that could establish a causal connection between some of her alleged permanent injuries in paragraph 16 of her complaint and the alleged deviation from the standard of care of Dr. Fore. Expert testimony is necessary to link the alleged injuries to the claimed breach. Again, these injuries for which causation was not established are critical illness polyneuropathy, reduced mobility, inability to walk or stand unassisted, major depressive disorder, fever, inability to concentrate, poor memory, and cognitive function and impairment and/or brain damage.

Defendant also argues that partial summary judgment is warranted as to Section H of Paragraph 30 of Plaintiff's complaint, which states that plaintiff suffered permanent impairment and/or disability. Following the same reasoning as above, Warren has submitted no evidence that shows a causal connection between the allegations of permanent impairment and/or disability to Dr. Fore's alleged deviation from the applicable standard of care, except as to the claims of delirium and confusion, metabolic encephalopathy, sepsis, and respiratory failure with hypoxia.

10

**Conclusion**

There is no genuine issue of material fact as to the claim that Dr. Fore failed to properly identify Plaintiff's left ureter by visual inspection and touch, and thus partial summary judgment is **GRANTED** as to this claim.

There is no genuine issue of material fact as to the claim that Dr. Fore failed to stop the surgery on Plaintiff on July 30, 2018, assuming there was any difficulty and/or problem with locating Plaintiff's ureters, and thus partial summary judgment is **GRANTED** as to this claim.

There is no genuine issue of material fact as to the claim that Dr. Fore failed to request that a urologist assist the Defendant in the surgery and/or place a catheter into Plaintiff's ureters to help locate them with dye and/or use lighted stents if applicable, and thus partial summary judgment is **GRANTED** as to this claim.

Plaintiff has sufficiently established a genuine issue of material fact as to the claim that Dr. Fore deviated from the applicable standard of care and/or professional practice and was negligent in the medical treatment and surgery by cutting and/or removing Warren's left ureter during the surgery, and thus partial summary judgment is **DENIED** as to this claim.

There is no genuine issue of material fact as to the claims of the injuries of critical illness polyneuropathy, reduced mobility, inability to walk or stand unassisted, major depressive disorder, fever, inability to concentrate, poor memory, and cognitive function and impairment and/or brain damage, and thus partial summary judgment is **GRANTED** as to these claims and **DENIED** as to the claims of delirium and confusion, metabolic encephalopathy, sepsis, and respiratory failure with hypoxia as plaintiff has sufficiently established a genuine issue of material fact as to these issues.

There is no genuine issue of material fact as to the claims alleging permanence of the

injuries of critical illness polyneuropathy, reduced mobility, inability to walk or stand unassisted, major depressive disorder, fever, inability to concentrate, poor memory, and cognitive function and impairment and/or brain damage, and thus partial summary judgment is **GRANTED** as to these claims. Plaintiff has established a genuine issue of material fact as to the claims alleging permanence of the injuries of delirium and confusion, metabolic encephalopathy, sepsis, and respiratory failure with hypoxia, and thus partial summary judgment is **DENIED** as to these claims.

Accordingly, it is hereby **ORDERED** that Defendant's motion for partial summary judgment [58] is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED**, this 28th day of October, 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**