IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**VIVIAN WARREN**                                                                                          **PLAINTIFF**

**V.**                                                                    **NO: 3:20CV220-M-RP**

**DANIEL B. FORE,**
**A/K/A DANIEL B. FORE, MD**                                             **DEFENDANT**

**ORDER**

This cause comes before the Court on Defendant's Motion in Limine [81] to preclude expected testimony by Plaintiff and her witnesses which is hearsay, an opinion the witness is not qualified to give, and/or subject to exclusion as unduly prejudicial and misleading the jury. The Plaintiff responds to this motion by stating that any and all evidence introduced at trial will comply with the Federal Rules of Evidence and requests the Court to stay the motion and rule on the admissibility of this evidence at trial. After reviewing the motion and the memorandum in support, the Court finds it appropriate to enter a ruling now.

Defendant first requests that Vivian Warren be precluded from making any statement to the effect that she almost died or looked like she was going to die or words to that effect. Vivian Warren testified that she was told by her husband, son, and daughter that she almost died. Warren also testified that her friend cries when discussing the surgery and time in the hospital and Vivian Warren stated that "I guess I looked like I was going to die. That's why she cried." The Court believes a blanket ruling precluding all statements from Vivian Warren regarding her own impressions of what she experienced and what she personally believed about dying is inappropriate, and thus Defendant's motion is DENIED as to this request. However, the Court finds that allowing Vivian Warren to provide testimony regarding what she "guesses" she looked

1

like from another's perspective and testimony regarding what she was told by her family and friend about almost dying would not be proper. Thus, Defendant's motion in limine is GRANTED as to this aspect.

Defendant also seeks to exclude non-expert opinion testimony from plaintiff's husband, Patrick Warren, regarding whether cutting the ureter is a breach of the standard of care. Patrick Warren testified that he did not believe Dr. Fore was professional in the performance of the surgery and his belief that the doctor should catch the mistake. The Court finds that this testimony by Patrick Warren amounts to opinion testimony about the standard of care of a surgeon, and this cannot be established by a lay opinion. *Palmer v. Biloxi Regional Medical Center, Inc.*, 564 So.2d 1346, 1357 (Miss. 1990). Defendant's motion in limine is GRANTED as to this issue.

Defendant also requests the Court to exclude non-expert opinion testimony from Patrick Warren regarding what follow-up care is required to comply with the standard of care. Patrick Warren testified that Vivian Warren did not have an "after visit" with Dr. Fore, and every time that he has had a surgery, he has had an "after visit" with the doctor. Patrick Warren also testified that he does not think Dr. Fore has ever had Vivian Warren come back for a visit. Defendant argues that testimony, insinuation, or innuendo that Dr. Fore was required to see Vivian Warren for a follow-up appointment is a standard of care issue, thus not proper under a lay opinion. The Court finds that testimony from Patrick Warren insinuating that a follow-up visit was required, standard, or needed goes beyond a lay opinion. However, the Court notes that the fact itself of whether Vivian Warren has had a visit with Dr. Fore since the surgery does not fall into this ruling, as the fact of whether Vivian Warren has had another visit with Dr. Fore does not suggest that a follow-up visit was necessary or required. Thus, Defendant's motion in limine as to this issue is GRANTED IN PART and DENIED IN PART.

Defendant further seeks to preclude Sheila Purvis, Vivian Warren's daughter, from testifying as to what her sister-in-law, a nurse practitioner, told Sheila Purvis about the appropriate timing for a repair surgery. Sheila Purvis has stated that her sister-in-law told her that Dr. Fore had done something wrong and that it needed to be fixed as soon as possible, also while describing how it should be fixed. The Court finds that the sister-in-law has not been identified or qualified as an expert which would preclude testifying as to the proper timing and method for repairing Vivian Warren's ureter. Thus, Defendant's motion in limine is GRANTED as to this issue.

**ACCORDINGLY**, it is therefore ordered that Defendant's Motion in Limine [81] is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED**, this 23rd day of November, 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**