IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**VIVIAN WARREN**                                                                                                       **PLAINTIFF**

**V.**                                                                   **NO: 3:20CV220-M-RP**

**DANIEL B. FORE,**
**A/K/A DANIEL B. FORE, MD**                                                          **DEFENDANT**

**ORDER**

This cause comes before the Court on Defendant Daniel Fore's Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial. [162]. Plaintiff Warren has responded in opposition to this motion. The Court having considered the memoranda and submissions of the parties is prepared to rule.

**I.    Motion for Judgment as a Matter of Law**

Defendant's motion first moves for a judgment as a matter of law. The jury found for plaintiff in this case, awarding $250,000 in damages. Defendant moves for judgment as a matter of law on the basis that there was a legally insufficient evidentiary basis for the jury to find that Dr. Fore deviated from the standard of care. In evaluating a Rule 50(b) motion, a court "consider[s] all of the evidence, drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to the non-moving party." *Brown v. Bryan Cnty.*, 219 F.3d 450, 456 (5th Cir. 2000). "[The] Court grants great deference to a jury's verdict and will reverse only if, when viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at any contrary conclusion." *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838 (5th Cir. 2004) (citing *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 497 (5th Cir. 2002)).

To prevail on a medical malpractice action, the plaintiff must establish "(1) the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant." *Estate of Sanders v. United States*, 736 F.3d 430, 436 (5th Cir. 2013) (quoting *Hubbard v. Wansley*, 954 So. 2d 951, 956-57 (Miss. 2007)).

Defendant first asserts that the plaintiff and plaintiff's expert, Dr. Neal Ellis, failed to demonstrate that Dr. Fore's cutting of the ureter was a deviation from the standard of care. Defendant further claims that Dr. Neal Ellis did not provide any testimony as to what tangible action or omission by Dr. Fore constituted a deviation. Plaintiff responds by asserting that Dr. Neal Ellis provided testimony demonstrating that cutting the ureter under the specific circumstances presented was a deviation from the standard of care. Plaintiff cites to testimony of Dr. Neal Ellis where he stated that Dr. Fore was required to identify the ureter and keep it protected out of harm's way. Dr. Neal Ellis also provided more specific medical opinion testimony when he asserted that once Dr. Fore identified the location of the ureter, he needed to make sure it was out of the way and protected. According to Dr. Neal Ellis, this can be done through multiple techniques, such as clamps. The testimony of Dr. Neal Ellis provided that once Dr. Fore identified the ureter, it was a breach of the applicable standard of care to then cut it.

Defendant also brings forth trial testimony from Dr. Fore where he testified that the specific section of the ureter that was cut during the procedure had not yet been identified. The defendant asserts that this testimony would align with Dr. Neal Ellis' opinion that cutting the ureter before locating it is not a violation of the standard of care. While Dr. Fore did testify that he had not identified that specific section of the ureter, the jury was presented with evidence and testimony

2

that Dr. Fore had identified the ureter. The jury was presented with Dr. Fore's notes from the operation and his testimony in which he stated the ureter was easily identified. Presented with both an expert opinion that cutting the ureter after identification is a violation of the standard of care along with testimony and evidence that Dr. Fore easily identified the ureter before cutting it, the jury's verdict is supported.

Secondly, defendant asserts that Dr. Neal Ellis' opinion, that Dr. Fore deviated from the standard of care when he failed to recognize that plaintiff's ureter had been cut before concluding the operation, is without merit. Dr. Neal Ellis testified that Dr. Fore should have reinspected the operative field and looked for, and in this case discovered, any injury to the ureter. Dr. Fore testified that he did reinspect the operative field to look for damage but that attempting to examine the entire ureter could damage it. Dr. Neal Ellis' testimony provided that, in his medical opinion, Dr. Fore did not fully examine the operative field, thus leaving the cut ureter undiscovered, which constituted a deviation from the applicable standard of care. The jury was presented with Dr. Neal Ellis' medical expert opinion that Dr. Fore did not examine the operative field sufficiently enough to discover the cut ureter, thus deviating from the applicable standard of care. This testimony supports the jury's verdict.

When viewing the evidence in the light most favorable to the verdict, the evidence does not point strongly and overwhelmingly in favor of the defendant. The evidence produced at trial was sufficient to support the jury's conclusion that Dr. Fore deviated from the applicable standard of care causing injury to plaintiff. Defendant's motion for judgment as a matter of law is denied.

II. **Motion for New Trial**

In the alternative, defendant requests this Court to grant a new trial incorporating the same arguments discussed above. Defendant argues that the evidence as a whole shows that the plaintiff

3

did not prove that Dr. Fore deviated from the standard of care, and that the jury's verdict was against the great weight of the evidence.

"A district court may grant a new trial if the jury verdict was against the great weight, and not merely the greater weight, of the evidence." *Ellerbrook v. City of Lubbock, Tex.*, 465 Fed.Appx. 324, 336 (5th Cir. 2012). The plaintiff presented medical expert testimony that Dr. Fore deviated from the standard of care by cutting the ureter after identifying it and/or by failing to recognize that the ureter had been cut after completion of the operation. Defendant appears to assert that Dr. Neal Ellis opined that simply because the injury occurred, a deviation from the standard of care must have also occurred. However, Dr. Neal Ellis provided testimony which disputes this assertion. Dr. Neal Ellis' testimony asserted that a deviation occurred because Dr. Fore easily identified the ureter, as shown by Dr. Fore's notes, and then proceeded to cut the ureter and complete the operation without knowing he had done so. Dr. Neal Ellis testified that cutting the ureter before identifying it may not be a deviation from the standard of care in some cases, but in his medical expert opinion that under the specific circumstances of plaintiff's operation, Dr. Fore deviated from the standard of care. And so the jury found.

The defendant has not demonstrated that the great weight of the evidence contradicts the verdict. Plaintiff elicited medical expert testimony establishing Dr. Neal Ellis' opinion that, once identified, the ureter should be safeguarded and that this standard of care was breached when Dr. Fore failed to do so once it was easily identified. Further, Dr. Neal Ellis testified that the operative field should be inspected in a manner where any potential damage to the ureter can be found, and that Dr. Fore deviated from this standard by failing to recognize that the ureter had been damaged. Defendant has not shown that the verdict was against the great weight of the evidence.

Lastly, in support of the motion for new trial defendant asserts that he was unfairly prejudiced by the plaintiff's cross examination of Dr. Fore's experts using the other experts' reports, and the remedy to this unfair prejudice is a new trial. During trial, plaintiff questioned each defense expert about the similarities in each of their reports, specifically referencing a few lines of text in each report that seemed to be similar, if not identical, to all other defendant expert reports. Defendant believes that plaintiff's cross examination led the jury to believe that the defense experts collaborated for a unified opinion and that the defendant and defendant's counsel essentially told the experts what to say. The defendant believes that the jury's verdict is evidence that plaintiff's alleged strategy was both effective and prejudicial.

The expert witnesses explained that defense counsel assisted them in preparing the reports; that the language in question was simply factual; and that the reports still contained their own opinions. Attorneys are permitted to provide assistance to experts in preparing the reports. However, once the Court was made aware that these portions of the reports were very similar, if not identical, plaintiff was allowed to proceed with questioning, though the Court did sustain an objection made by the defendant regarding plaintiff's commentary on the similarities. Plaintiff did not introduce the reports into evidence.

Questioning the defendant's medical experts in this manner were mere acts of legerdemain, entertaining but lacking import. In summary, the expert witnesses explained that they were assisted by defendant's counsel in preparation of the reports and, regardless of the similar language, the reports still contained their own opinions. These embarrassing circumstances of identical language in supposed independent reports were created by defendant's own sleight of hand. In short, it was quite apparent that defendant's counsel had shared the same language among the experts and each had adopted it as his own. For their laxity, they suffered the consequences.

5

The jury evaluated the expert testimonies and reached its own conclusions. The defendant has not shown sufficient prejudice or error warranting a new trial on this issue, and thus, defendant's motion for new trial is denied.

### Conclusion

**ACCORDINGLY,** it is hereby **ORDERED** that Defendant's Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial, [162] is **DENIED**.

**SO ORDERED**, this the 28th day of June, 2022.


   /s/Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**